1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NITETEK LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZONAR SYSTEMS, INC.,<br><br>Defendant. | CASE NO. 22-CV-1224<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Nitetek Licensing LLC ("Nitetek" or "Plaintiff"), by and through counsel, hereby brings this action for patent infringement against Zonar Systems, Inc. ("Zonar" or "Defendant"), alleging infringement of U.S. Patent No. 6,661,783 ("Patent-in-Suit" or the '783 Patent) titled "CDMA Transmission Apparatus" attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

COMPLAINT
22-cv-1224- 1

## PARTIES

3. Plaintiff Nitetek Licensing LLC is a Texas company and has a principal place of business at 6001 W Parmer Ln, Ste 370 - 1070, Austin, TX 78727-3908. Nitetek may be served with process through its registered agent InCorp Services, Inc., 815 Brazos St., Ste 500, Austin, TX 78701.

4. On information and belief, Defendant Zonar Systems, Inc. is a corporation organized under the laws of the State of Washington, having a principal place of business at 18200 Cascade Avenue S. Seattle, WA 98188. Zonar may be served with process through its registered agent CT Corporation System, 711 Capitol Way S., Ste. 204, Olympia, WA, 98501.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. 6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Washington and the Western District of Washington; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Washington and in this district; (3) Defendant has sought protection and benefit

COMPLAINT
22-cv-1224- 2

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

from the laws of the State of Washington; (4) Defendant regularly conducts business within the State of Washington and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Washington and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of Washington.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Washington, and the Western District of Washington including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Washington and in this district; Defendant solicits and has solicited customers in the State of Washington and in this district; and Defendant has paying customers who are residents of the State of Washington and this district and who each use and have used the Defendant's products and services in the State of Washington and in this district.

8. Venue is proper in the Western District of Washington over Zonar pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has

COMPLAINT
22-cv-1224- 3

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT IN SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On December 9, 2003, the '783 Patent was duly and legally issued by the United States Patent and Trademark Office. The '783 Patent is presumed valid and enforceable.

11. Plaintiff is the assignee of all right, title and interest in the '783 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '783 Patent.

12. The '783 Patent generally relates to asymmetric communication through CDMA mobile communication method.  Specifically,  the '783 Patent provides a method by which a CDMA communication apparatus in the CDMA cellular system can avoid a shortage of spreading codes on the downlink while carrying out open-loop transmition power control on the uplink.

13. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '783 Patent was filed, there existed various problems in coccomdating dosling signals because of a shortage of

COMPLAINT
22-cv-1224- 4

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

spreading codes while trying to secure the quality of the uplink through transmission power control. See Ex. A, '783 Patent, 1:10-11. While there were other methods for improving asymmetric communications through a CDMA system, the '783 Patent invented a method for resolving the issues were left unaddressed in prior art. See Ex. A, '783 Patent, 1:10-11.

14. The claimed invention addressed the problems detailed supra by providing a method of asymmetric communications throuth the use of a CDMA communication apparatus comprising a frame assembly section for assembling frames with a known reference signal and transmission power bit and a transmission rate control section for setting a lower transmission rate of a transmission signal composed of the known reference signal and transmission power bit above than the transmission rate for symmetric comminications. See Ex. A, '783 Patent, 1:10.

15. The claims of the Patent-in-Suit do not merely recite the performance of a familiar practice, and instead the claims recite one or more inventive concepts that are rooted in improving the asymmetric CDMA communications. The Patent-in-Suit addresses problems rooted in improving asymmetric communication by providing a method that avoids downlink failure and improves the quality and system capacity of the uplink, the solutions it teaches are not merely drawn to

COMPLAINT
22-cv-1224- 5

longstanding human activities. Thus, the Patent-in-Suit provides an invention that cannot be performed with pen and paper or in the human mind, nor are the solutions it teaches drawn from longstanding human activities.

## ACCUSED PRODUCTS

16. Defendant makes, uses, offers for sale, sells in the U.S., and/or imports into the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to the Zonar V4 Telematic Control Unit.

17. The Zonar V4 Telematic Control Unit utilizes UMTS-FDD technology using WCDMA technology performing upling and downlink on different frequencies over a CDMA system. Through spreading known reference signals, and transmission power control bits through a base station. This allows for a CDMA system that provides asymmetric communication which will thereby process a higher spreading factor for downlink communication while determining transmission power based on said transmission power control bits (e.g., bits of TPC_cmd). See Ex. B.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,941,783)

18. Plaintiff incorporates the above paragraphs herein by reference.

COMPLAINT
22-cv-1224- 6

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

19. The '783 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 9, 2003. The '783 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

20. Plaintiff is the owner by assignment of the '783 Patent and possesses all rights of recovery under the '783 Patent, including the exclusive right enforce the '783 Patent and pursue lawsuits against infringers.

21. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly and indirectly infringe on one or more claims of the '783 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '783 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

22. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

23. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '783 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '783 systems and methods, in violation of 35 U.S.C. § 271.

COMPLAINT
22-cv-1224- 7

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

24. Defendant has been and continues to directly infringe by, among other things, practicing all of the steps of the '783 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 775 (Fed. Cir. 1993); see also 35 U.S.C. § 271 (2006).

25. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '783 Patent, including at least Claim 4. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 4 of the '783 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

26. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

27. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

28. Defendant has been and now is indirectly infringing by way of inducing infringement by others of the '783 Patent in the State of Washington, in

COMPLAINT
22-cv-1224- 8

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

this judicial District, and elsewhere in the United States, by, among other things, selling the Accused Products to its customers and distributing product literature and website materials, thereby inducing end users and others to use its products in a manner that infringes one or more claims of the '783 Patent, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

29.  For example, Defendant induced users to use the Zonar V4 Telematic Control Unit, actively prompting infringement by advertising the product and instructing users regarding how it utilizes the methods of claim 4 of the '783 Patent to achive greater efficiencies in the downlink and uplink functions utilized by its CDMA communication system. See, e.g., Ex. C1 (advertising the Zonar V4 Telematic Control Unit and explaining its functionalities). These resources both advertise and provide detailed directions on how to implement the infringing technology.

30.  The allegations herein support a finding that Defendant induced infringement of the '783 Patent. *See Power Integrations v. Fairchild Semiconductor,* 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed

COMPLAINT
22-cv-1224- 9

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

**Contributory Infringement – 35 U.S.C. § 271(c)**

31. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

32. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

33. On information and belief, Defendant contributes to its users' infringement of at least Claim 1 of the '783 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or

COMPLAINT
22-cv-1224- 10

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses). The Accused Product does not allow one to disable the infringing technology when used.

**Willful Infringement**

34. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

35. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

36. Despite its knowledge of the '783 Patent, on information and belief Defendant has sold and continues to sell the Accused Products in egregious disregard of Plaintiff's patent rights. Defendant has acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '783 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

COMPLAINT
22-cv-1224- 11

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

**Plaintiff Suffered Damages**

37. Defendant's acts of infringement of the Patent-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

## JURY DEMAND

38. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

39. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '783 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

COMPLAINT
22-cv-1224- 12

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206-436-0900

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '783 Patent;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and its subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '783 Patent;

(e) enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f) award Plaintiff all other relief that the Court may deem just and proper.

DATED this 31st day of August, 2022.

COMPLAINT
22-cv-1224- 13

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: s/ *Philip P. Mann*
Philip P. Mann,  WSBA No. 28860
**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Telephone: (206) 436-0900
email: phil@mannlawgroup.com


*s/ Grant McArthur*
Grant McArthur (CA SBN 321959)
(*Pro Hac Vice forthcoming*)
gmcarthur@mclawus.com
MCARTHUR LAW PC
23897 CONSTANTINE DRIVE
MURRIETA, CA 92562
(951) 412-1688 (PHONE)
(951) 379-4564 (FAX)

**Counsel for Plaintiff**
**Nitetek Licensing LLC**

COMPLAINT
22-cv-1224- 14